NOLEN HENRY LEWIS V. STATE

No. 34,181.   January 31, 1962

No attorney for appellant of record on appeal.

*Henry Wade,* Criminal District Attorney, *Frank Watts, William F. Tucker, Jack Hampton, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The offense is murder; the punishment, 99 years.

The state's evidence shows that appellant killed the deceased by shooting him with a pistol. The killing occurred at the apartment of the state's witness, Emma Lynelle Anderson, with whom appellant had been having dates.

On the day in question, the deceased, an acquaintance of the state's witness, came to her apartment in the afternoon. After the deceased arrived, appellant telephoned the prosecuting witness for a date and upon being refused told her that he was coming after his pistol and a radio. Soon thereafter, appellant came to the apartment and after having a difficulty with the state's witness and her brother over the pistol, left with the pistol around 4:30 P.M. While at the apartment, appellant was introduced to the deceased and when he left the prosecuting witness told him not to come back. After appellant departed, the state's witness and the deceased left the apartment and returned around 11:30 P.M. When they returned, the deceased went to bed and the prosecuting witness, after undressing, came into the room and sat down on the foot of the bed. While the two were talking, appellant forced his way into the apartment, through the front door, fired two shots and then fled. After the shots were fired the deceased ran out of the apartment and fell in the back yard with two bullet wounds in his body. Following his surrender to the sheriff, appellant accompanied the officers to an address where a .22 caliber pistol, with which he shot the deceased, was recovered. An autopsy performed upon the deceased's body disclosed two bullet wounds, one in the neck and one in the left side of the back which passed through the aorta and was the cause of death.

It was further shown that several weeks before the killing, the state's witness had quit dating appellant and at that time appellant stated that if he ever saw her with anyone he would kill them.

Testifying as a witness in his own behalf, appellant stated that he had been going with the state's witness for some time and on occasions spent the night in her apartment. Appellant testified that on the day in question, he went to the apartment in the afternoon to get his radio and at such time he was introduced to the deceased. Appellant denied having any trouble over the gun. Appellant testified that on the night in question, he returned to the apartment around 12:30 A.M., and entered by "jimmying" the lock which he had done on prior occasions. Appellant stated that as he walked into the house he heard someone running and heard his girl friend say, "Nolen Darling" and a

man's voice ask, "where is the gun," and he thereupon became "panicky" and started shooting. Appellant admitted firing the gun two times, but stated that he was frightened and did not take aim and did not intend to shoot or kill anyone.

Appellant further testified in support of his application for a suspended sentence that he had never been convicted of a felony and called certain character witnesses who attested to his good reputation.

The court instructed the jury in his charge on the law of both murder with and without malice and charged the jury on the appellant's right of self defense against a deadly attack. The issue of suspended sentence was also submitted to the jury in the charge.

The jury by their verdict rejected the testimony of appellant and we find the evidence sufficient to sustain their verdict.

The record contains no formal bills of exception and there are no objections to the court's charge.

No brief has been filed on behalf of appellant.

We have considered the informal bills of exception contained in the statement of facts and find no reversible error therein.

The judgment is affirmed.

Opinion approved by the Court.